## ATTORNEY GRIEVANCE COMMISSION OF MARYLAND AND MONTGOMERY COUNTY BAR ASSOCIATION, INC. *v.* PETER CHRISTIAN ANDRESEN

[Misc. Docket (Subtitle BV) No. 23,
September Term, 1974.]

*Decided January 25, 1977.*

The cause was argued before SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and ORTH, JJ., and ROBERT F. SWEENEY, Chief Judge of the District Court of Maryland, specially assigned.

*Peter Christian Andresen,* in proper person, respondent.

*Courtland K. Townsend, Jr.,* with whom were *Jeb Howard* and *L. Hollingsworth Pittman, Bar Counsel,* on the answer, for petitioners.

SMITH, J., delivered the opinion of the Court.

Peter Christian Andresen (Andresen), a member of the bar of this Court, stands convicted on one count of obtaining

money under false pretenses and three counts of fraudulent misappropriation by a fiduciary. *See Andresen v. State,* 24 Md. App. 128, 331 A. 2d 78, *cert. denied,* 274 Md. 725 (1975), *aff'd* 427 U.S. 463, 96 S. Ct. 2737, 49 L.Ed.2d 627 (1976).

The disciplinary proceeding with which we are here concerned was complicated by the "growing pains" involved in the implementation of a totally new, centralized attorney grievance procedure in Maryland by our order of February 10, 1975, effective July 1, 1975, but containing certain transitional provisions.

Based upon Andresen's conviction in the Circuit Court for Frederick County, which had just been affirmed by the Court of Special Appeals, Montgomery County Bar Association, Inc. (the local bar association), filed a petition for disciplinary action with us on February 14, 1975. On February 24 this Court appointed a panel of three judges in the Circuit Court for Montgomery County to hear the charges and transmitted the petition to that panel. We denied Andresen's petition for the writ of certiorari addressed to the affirmance of his conviction by the Court of Special Appeals on March 31, 1975. On April 7, 1975, pursuant to Andresen's petition alleging pendency before us of his petition for the writ of certiorari and that "in order for [his] convictions to constitute conclusive proof of his guilt of such crimes in these proceedings, as relied on and alleged in . . . the petition, said convictions must be 'a final judgment by a judicial tribunal,'" this Court passed an order staying the disciplinary proceedings "pending application for review of the judgments of conviction . . . to the Supreme Court of the United States and until final decision by that Court." On the same day acting Bar Counsel filed a petition with us on behalf of the then newly created Attorney Grievance Commission alleging Andresen's conviction of crimes involving moral turpitude and praying that he be suspended from the practice of law pursuant to the provisions of Maryland Rule BV16. We held a hearing on the petition on June 9, 1975, and suspended him on that day.

On August 9, 1976, Bar Counsel filed what was styled as a request for further hearing. It stated "that the Supreme

Court of the United States ha[d] affirmed the decision of this Court and upheld the convictions of [Andresen]" and "requested that a further hearing be held, pursuant to Rule BV16 c (as amended) . . . to determine whether the crimes warrant discipline, and, if so, the extent thereof." The Clerk of this Court referred the matter to the three judge panel which had been previously appointed.

Rule BV16 c provides in pertinent part:

> "In any case in which the Court of Appeals has entered an order suspending an attorney until its further order, pursuant to this Rule, further proceedings on the charges shall be conducted pursuant to Rules BV9 (Charges), BV10 (Hearings) and BV11 (Disposition of Charges), to determine whether the crime warrants discipline and if so, the extent thereof. If the attorney has appealed from his conviction, the hearing shall be delayed until completion of the appellate process. If the conviction is reversed at any stage of the appellate process, the suspension shall be terminated. If after the completion of the appellate process, the conviction has not been reversed, . . . the hearing shall be held within a reasonable time after the mandate is issued . . . . However, *if the attorney is incarcerated following termination of the appellate process . . . , the hearing shall be set within a reasonable time following termination of incarceration unless the attorney*
>
> (i) *requests an earlier hearing*; and
>
> (ii) makes all arrangements, including financial arrangements, for his presence at the earlier hearing on the date set by the Court." (Emphasis added.)

A hearing was scheduled for September 7 in the Circuit Court for Montgomery County before the three judge panel. On September 3 Andresen moved for a continuance. He alleged that he was "currently incarcerated [, was] unable to attend or prepare for said hearing" and that "the *BV Rules*

of the *Maryland Rules of Procedure* [did not] permit the hearing to go forward until [he was] released." (Emphasis his.) He further alleged that he "ha[d] recently suffered acid burns to both eyes," as a result of which he was "in no condition to adequately prepare for the hearing," stating that it would be several weeks before he was able to do so. The panel granted a continuance until October 1. At that time Andresen made an oral motion for a continuance which was denied. The panel recommended to us that Andresen "be adjudged guilty of professional misconduct and that he be disbarred."

Andresen excepted to the opinion and recommendation of the three judge panel on a number of grounds, including the denial of his motion for continuance under Rule BV16 c.

Andresen is still incarcerated, although under a work release program. We understand that his period of incarceration is soon to be terminated. At the hearing before us Andresen alleged that the fact of his confinement prevented his being able to adequately present to the panel evidence of extenuating circumstances and an exculpatory explanation relative to his conviction.

Although it is technically possible under the disciplinary rules for a disciplinary action to be heard independent of suspension under Rule BV16 and thus it is technically possible for such hearing to be held and for an individual to be disciplined by disbarment or otherwise while incarcerated, the intent of Rule BV16 c is that a hearing as to the ultimate disciplinary action to be taken relative to a suspended attorney shall not be held until "a reasonable time following termination of incarceration unless [he] . . . requests an earlier hearing" and he "makes all arrangements, including financial arrangements, for his presence at the earlier hearing on the date set by the Court." We so provided because we recognized that an attorney might well be hampered in adequately presenting his defense if he were incarcerated at the time of the hearing. The reason for the adoption of Rule BV16 relative to suspension of an attorney upon conviction is to protect the public from acts of that attorney pending a determination

of the propriety of his conviction and, in the event of an affirmance of that conviction involving a crime of moral turpitude, the ultimate determination by this Court of whether the attorney should be disciplined and, if so, the form of the discipline to be imposed. Andresen does stand suspended from the practice of law. Therefore, the public is fully protected at this time and there is no need over the objection of Andresen to hold a hearing while he is incarcerated. Accordingly, we are of the opinion that the proper course of action here is for the matter to be set for hearing before the three judge panel "within a reasonable time following termination of incarceration" of Andresen. At that time the record may be supplemented by such evidence as Andresen, the local bar association, or Bar Counsel may wish to adduce relevant to the pending charges. Then the panel will return the matter to us with its findings and recommendation.

*It is so ordered.*